UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH BICKHAM, JR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2304** |
| **DG LOUISIANA, LLC, ET AL.** | **SECTION "O"** |

### ORDER AND REASONS

Before the Court in this tort case removed based on diversity jurisdiction is the motion[1] of Plaintiffs Joseph Bickham, Jr., and Hilda Bickham to remand for lack of complete diversity. Cleaner taken off the shelf of a Dollar General store sprayed into Hilda Bickham's eye when she dropped it into her cart. Claiming over $75,000 in damages, the Bickhams brought a state-court suit against DG Louisiana, LLC d/b/a Dollar General Store, a Tennessee citizen; and three Louisiana-citizen employees of Dollar General. Dollar General in turn removed the case and urged the Court to disregard the Louisiana citizenship of the Dollar General employees because the Bickhams improperly joined them. The Bickhams now move to remand, contending complete diversity is lacking. It is not. The Bickhams fail to state claims against the Dollar General employees under a "Rule 12(b)(6)-type analysis." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). So those nondiverse employees are improperly joined; the Court disregards their Louisiana citizenship. Because the Bickhams and Dollar General are completely diverse, and because the amount in controversy is met, the Court has diversity jurisdiction. Accordingly, for these reasons and those that follow, the motion is **DENIED**.

---

[1] ECF No. 9.

## I. BACKGROUND

This tort case arises from injuries Hilda Bickham says she suffered while shopping with her son at a Covington, Louisiana Dollar General store.[2] Bickham took a bottle of Dollar General-manufactured bleach cleaner off the shelf and prepared to place it into her cart.[3] But before the bottle landed in the cart, the sprayer-cap unit separated.[4] Once the bottle landed in the cart, its contents "erupted" and "sprayed and splashed" into Bickham's left eye and on the clothes of Bickham and her son.[5]

Seeking over $75,000,[6] Bickham and her husband sued Dollar General and three Dollar General employees—Store Manager Kevin Sarow, District Manager Brett Haro, and Store Manager Angelique Doll—in Louisiana state court.[7] Bickham and her husband are Louisiana citizens.[8] Dollar General is a Tennessee citizen.[9] Sarow, Haro, and Doll are Louisiana citizens.[10] Because the motion to remand turns on whether the three nondiverse Dollar General employees are improperly joined, the Court focuses on the two sets of claims the Bickhams try to state against them.

---

[2] *See generally* ECF No. 1-2.
[3] *Id.* at ¶ VIII.
[4] *Id.*
[5] *Id.*
[6] ECF No. 1-3 at 1.
[7] *See generally* ECF No. 1-2.
[8] *Id.* at 1 (unnumbered opening paragraph).
[9] Because Dollar General is a limited liability company, its citizenship is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Dollar General's sole member is Dolgencorp, LLC. ECF No. 1 at ¶ 10(C). Dolgencorp, LLC's sole member is Dollar General Corporation. *Id.* Dollar General Corporation is incorporated and has its principal place of business in Tennessee. *Id.*
[10] ECF No. 1-2 at ¶¶ I(b)–(d).

First, the Bickhams try to plead Louisiana-law negligence claims against the three nondiverse Dollar General employees. They allege "[t]he subject product was known to [Dollar General] and its employees to create an unreasonable risk of harm to persons, including the [Bickhams]," and "those same Defendants knew that the subject product was hazardous to humans[,] including but not limited to human[ ] eyes."[11] The Bickhams allege that "[t]he defendants knew or should have known of the defective condition of its product (i.e., 'broken seal on bottle') but failed to warn and/or provide notice to its customers[,] including the [Bickhams]."[12] According to the Bickhams, "the defendants" "were negligent" in these three respects: first, by "placing the defective product on its shelf for access and/or sale to its customers";[13] second, by "not inspecting the products placed on shelves for access and/or sale to the public";[14] and third, by "not warning consumers of the unreasonable condition created by the product" and of the need "to exercise caution when purchasing the product."[15]

Second, the Bickhams try to plead Louisiana-law spoliation claims against the nondiverse Dollar General employees. Without elaboration, the Bickhams merely allege that "defendants . . . have concealed, if not destroyed, records containing material evidence with the purpose of wrongfully evading liability in this case."[16]

---

[11] *Id.* at ¶ XXIX.
[12] *Id.* at ¶ XXX.
[13] *Id.* at ¶ XXXII.
[14] *Id.* at ¶ XXXIII.
[15] *Id.* at ¶ XXXIV.
[16] *Id.* at ¶ XXXV.

3

Dollar General in turn removed the case to this Court based on diversity jurisdiction.[17] In so doing, it urged the Court to ignore the Louisiana citizenship of Sarow, Haro, and Doll because the Bickhams improperly joined them.[18]

The Bickhams now move to remand.[19] Dollar General opposes.[20]

## II.  ANALYSIS

The Bickhams contend that the Court must remand this case to state court because complete diversity is lacking: They are Louisiana citizens, and the three Dollar General employees—Doll, Haro, and Sarow—are also Louisiana citizens. Dollar General rejoins that there is complete diversity because it is a Tennessee citizen and the only properly joined Defendant. Dollar General contends that the Court should ignore the Louisiana citizenship of the three nondiverse Dollar General employees because the Bickhams improperly joined them. The Court agrees.

Dollar General may remove a case from state court to this Court if this Court would have original jurisdiction. *See* 28 U.S.C. § 1441(a). As the removing party, Dollar General "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "The removal statute is strictly construed, with doubts 'resolved in favor of remand.'" *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 888–89 (5th Cir. 2024) (quoting *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)).

---

[17] ECF No. 1.
[18] *Id.* at ¶¶ 8–9.
[19] ECF No. 9.
[20] ECF No. 11.

4

The basis for original jurisdiction is diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The Court has diversity jurisdiction over "all civil actions" that are "between citizens of different States" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Id*. Because Dollar General removed this case based solely on diversity jurisdiction, the removal is subject to 28 U.S.C. § 1441(b)(2), "otherwise known as the 'forum-defendant rule.'" *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022). Under Section 1441(b)(2)'s forum-defendant rule, a case "removable solely on the basis" of diversity jurisdiction, like this one, "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Accordingly, to support removal and to avoid remand here, Dollar General must show that "there is complete diversity between all named parties, 'and no defendant is a citizen of the forum State,'" Louisiana. *Pace*, 93 F.4th at at 889 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005)).[21]

Complete diversity depends on whether the nondiverse Dollar General employees are improperly joined. If they are, the Court can "disregard" their Louisiana citizenship in its jurisdictional analysis. *See Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 812 (5th Cir. 2021) (citing *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc)). There are "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood*

---

[21] It is undisputed that the amount-in-controversy requirement for diversity jurisdiction is met because the Bickhams seek over $75,000, exclusive of interest and costs. ECF No. 1-3 at 1.

*v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).[22] Only the second way is at issue here.

Under the second way, the Court asks if the Bickhams "had any possibility of recovery" against the three nondiverse Dollar General employees in Louisiana state court. *Williams*, 18 F.4th at 812 (citing *Flagg*, 819 F.3d at 136).[23] That no-possibility-of-recovery analysis "is virtually identical to the inquiry on a motion to dismiss for failure to state a claim: 'Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.'" *Id.* (quoting *Flagg*, 819 F.3d at 136) (citation omitted). Conversely, if a plaintiff "has not stated a claim for relief against" the nondiverse defendants under Rule 12(b)(6), "then [those defendants] were improperly joined[,] and [the Court] may disregard their citizenship." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018) (citation omitted). "When analyzing whether the proponent of jurisdiction has established improper joinder," the Court "examine[s] all factual allegations and ambiguities of state law in the light most favorable to the party resisting jurisdiction." *Williams*, 18 F.4th at 811 (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). "[T]he motive or purpose of the joinder of in-state defendants is not relevant" to the Court's analysis. *Smallwood*, 385 F.3d at 574.

---

[22] The Fifth Circuit has "occasionally referred to improper joinder as 'fraudulent joinder.'" *Williams*, 18 F.4th at 812 (quoting *Smallwood*, 385 F.3d at 571 n.1). "Although there is no substantive difference between the two terms, 'improper joinder' is preferred" because it is "more consistent with the statutory language." *Smallwood*, 385 F.3d at 571 n.1.

[23] No party contends that a "summary inquiry" is appropriate here. *Cf. Flagg*, 819 F.3d at 136–37 (observing that a district court may "pierce the pleadings and conduct a summary inquiry" "only to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery against the in-state defendant" if the plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder" (quotations, citations, and alterations omitted)).

The Court evaluates the removed state-court petition under the federal pleading standard. *See Int'l Energy Ventures Mgmt.,* 818 F.3d at 207–08. That means the petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[the Court] accept[s] all well-pled facts as true, construing all reasonable inferences in the [petition] in the light most favorable to the [Bickhams], conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

The Bickhams fail to state Louisiana-law[24] negligence claims against the Dollar General employees under a "Rule 12(b)(6)-type analysis." *Int'l Energy Ventures Mgmt.,* 818 F.3d at 209. The Court evaluates those negligence claims under *Canter v. Koehring Co.*, which supplies the framework for assessing the tort liability of an employee for an injury to a third party arising from the employee's breach of an employment-related duty. *See* 283 So. 2d 716, 721 (La. 1973), *superseded on other grounds by statute*, LA. STAT. ANN. § 23:1032 (1998). Under *Canter*, an employee can be personally liable to a third person when these "four elements" are met:

---

[24] The parties agree that Louisiana substantive law governs the question whether the Bickhams have stated negligence and spoliation claims. *Compare* ECF No. 9-1 at 3–4 (the Bickhams analyzing their claims under Louisiana law) *with* ECF No. 11 at 3–10 (Dollar General doing the same).

7

- First, the employer must owe a duty of care to the plaintiff, the breach of which caused the injury at issue.
- Second, the employer must have delegated that duty to the employee at issue.
- Third, the employee at issue must have breached the duty through his own personal fault.
- And fourth, the employee's breach must have been more than a simple breach of a 'general administrative responsibility,' but must instead stem from the breach of a duty the employee owed the plaintiff personally that was not properly delegated to another employee.

*Rolls ex rel. A.R. v. Packaging Corp. of Am.*, 34 F.4th 431, 437–38 (5th Cir. 2022) (brackets omitted) (quoting *Canter*, 283 So. 2d at 721).

The Bickhams fail to state a *Canter* claim against any of the nondiverse Dollar General employees because the Bickhams fail to plead specific facts—rather than mere legal conclusions—sufficient to satisfy *Canter*'s third and fourth elements. A plaintiff "fails to meet *Canter*'s high bar" if she "does little more than parse employee job descriptions to lay a veneer of specificity over what are, in essence, generalized claims that the employee-defendant failed to prevent the accident." *Id.* at 438 (quotation omitted). But that is all the Bickhams do here. In conclusory fashion, and without even distinguishing among Defendants, the Bickhams merely allege—

- "The subject product was known to [Dollar General] and its employees to create an unreasonable risk of harm to persons, including [Hilda Bickham]. In addition, those same Defendants knew that the subject product was hazardous to humans including but not limited to human[ ] eyes."[25]
- "The [D]efendants knew or should have known of the defective condition of its product (i.e., 'broken seal on bottle') but failed to warn

---

[25] ECF No. 1-2 at ¶ XXIX.

8

- and/or provide notice to its customers[,] including [Hilda Bickham]."[26]
- "[T]he [D]efendants, singularly or in combination[,] were negligent in placing the defective product on its shelf for access and/or sale to its customers."[27]
- "The [D]efendants were negligent in not inspecting the products placed on shelves for access and/or sale to the public."[28]
- "The [D]efendants were negligent for not warning consumers of the unreasonable condition created by the product, and for the consumer, and in particular the [Hilda Bickham], . . . to exercise caution when purchasing the product."[29]

Those generalized and conclusory allegations "fail to show" that any Dollar General employee—not Doll, not Haro, nor Sarow—"bears *personal* blame" for Hilda Bickham's alleged injury. *Id.* at 438. At best, the Bickhams offer only pure legal conclusions that "Defendants" failed to comply with their general administrative responsibilities as Dollar General employees. The Bickhams do not plead facts plausibly establishing that any Dollar General employee breached any *personal* duty owed to the Bickhams—that is, any duty not arising from a "general administrative responsibility for performance of some function of . . . employment" for which Dollar General would be "technical[ly] or vicarious[ly]" liable. *Canter*, 283 So. 2d at 721.

It is true that "[a] supervisor's knowledge of the dangers present 'could give rise to the personal duty contemplated in *Canter*.'" *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994) (quoting *Hayden v. Phillips Petroleum Co.*, 788 F. Supp. 285, 287 (E.D. La. 1992)). But conclusory allegations that an employee-defendant had actual

---

[26] *Id.* at ¶ XXX.
[27] *Id.* at ¶ XXXII.
[28] *Id.* at ¶ XXXIII.
[29] *Id.* at ¶ XXXIV.

9

knowledge of a dangerous condition, without any supporting facts, are insufficient to state a *Canter* claim. *See Miciotto v. Hobby Lobby Stores, Inc.*, No. 21-30456, 2022 WL 3210686, at *3 (5th Cir. Aug. 9, 2022) (per curiam) (quotation omitted).

Conclusory allegations of knowledge are all the Bickhams offer. They do not allege any specific facts plausibly establishing that any Dollar General employee knew of the alleged defect in the bleach cleaner's sprayer-bottle cap before Hilda Bickham's alleged injury. *See, e.g.*, *Lundy v. ACE Am. Ins. Co.*, 674 F. Supp. 3d 326, 335 (M.D. La. 2023) (applying *Canter* and holding that "general conclusory allegations" that a nondiverse store-manager defendant "had actual knowledge of the condition without any supporting facts fails to survive a Rule 12(b)(6)-type analysis"); *Giles v. Wal-Mart La., LLC*, No. 16-CV-2413, 2016 WL 2825778, at *4 (E.D. La. May 13, 2016) (Barbier, J.) (disregarding conclusory allegation that nondiverse store-manager-defendant "had actual or constructive knowledge of the allegedly dangerous condition" and finding no possibility of recovery against that defendant under *Canter* (quotation omitted)). In the end, the Bickhams "fail[ ] to allege any specific factual allegations to substantiate [their] conclusory allegations, which merely track the general scope of the duty owed under Louisiana law." *Miciotto*, 2022 WL 3210686, at *3. So the negligence claims against the nondiverse Dollar General employees "do not survive a Rule 12(b)(6)-type analysis." *Int'l Energy Ventures Mgmt.,* 818 F.3d at 208.

The Bickhams also fail to state any spoliation claim against any Dollar General employee under a "Rule 12(b)(6)-type analysis." *Id.* "The Louisiana tort of spoliation of evidence provides a cause of action for an intentional destruction of evidence

10

carried out for the purpose of depriving an opposing party of its use." *Burge v. St. Tammany Par.*, 336 F.3d 363, 374 (5th Cir. 2003) (citation omitted). To state a spoliation claim, the Bickhams must plead facts—not mere legal conclusions—plausibly establishing that (1) the Dollar General employees "intentionally destroyed" evidence, and (2) the employees "did so with the purpose of depriving [the Bickhams] of their use." *Kemp v. CTL Distrib., Inc.*, 440 F. App'x 240, 247 (5th Cir. 2011) (per curiam) (citation omitted). The Bickhams fail to to do so.[30] Missing from their petition are factual allegations plausibly establishing that any of the nondiverse Dollar General employees "intentionally destroyed" evidence "with the purpose of depriving [the Bickhams] of their use" of that evidence. *Id.* (citation omitted); *see, e.g., id.* (holding that plaintiffs had no possibility of recovering against a nondiverse defendant on a Louisiana-law intentional-spoliation claim because the plaintiffs failed to "plead the necessary elements of the tort under Louisiana law"). Because the Bickhams fail to plead facts plausibly establishing the elements of a spoliation claim against any nondiverse Dollar General employee, the spoliation claims "do not survive a Rule 12(b)(6)-type analysis." *Int'l Energy Ventures Mgmt.*, 818 F.3d at 208.[31]

---

[30] The Court does not credit the conclusory and equivocal allegation that it "appears" "at this time" that "defendants" "have concealed, if not destroyed," unspecified "records" containing unspecified "material evidence with the purpose of wrongfully evading liability . . . ." ECF No. 1-2 at ¶ XXXV; *see, e.g.*, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 817 (5th Cir. 1993) (per curiam) (noting that, in the improper-joinder analysis, "conclusionary allegations" are "insufficient as a matter of law" to state a claim against a nondiverse defendant); *Miciotto*, 2022 WL 3210686, at *3 (noting that, in the improper-joinder analysis, "courts are . . . not required to accept conclusory allegations" (citations omitted)).

[31] The Bickhams say they "allege a spoliation claim as it related to Mr. Sarow's investigative materials." ECF No. 9-1 at 4. But their petition lacks well-pleaded factual allegations plausibly establishing that Sarow intentionally destroyed any "investigative materials" (or other evidence) with the purpose of depriving the Bickhams of their use of that evidence. *Id.* The only conceivably relevant allegation specific to Sarow is that he completed the "Customer Incident Report" documenting the

\* \* \*

In sum, the Bickhams fail to state any Louisiana-law negligence or spoliation claims against any of the three nondiverse Dollar General employees under a "Rule 12(b)(6)-type analysis." *Id*. Because those claims "do not survive a Rule 12(b)(6)-type analysis," the three nondiverse Dollar General employees "were not properly joined," and the Court ignores their Louisiana citizenship in its jurisdictional analysis. *Id.* at 208. Ignoring the Louisiana citizenship of the three Dollar General employees, the Court holds that Section 1441(b)(2)'s forum-defendant rule poses no impediment to removal and that the requirement of complete diversity is met: The Bickhams are Louisiana citizens, and the only properly joined Defendant—Dollar General—is a Tennessee citizen. Because the only properly joined parties are completely diverse, and because the amount in controversy indisputably is met, the Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). So the Court denies the motion to remand.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion[32] to remand is **DENIED**. Because the three nondiverse Dollar General employees—Doll, Haro, and Sarow—are improperly joined, the claims against them are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction, and their motions[33] to dismiss are **DENIED AS MOOT**. *See Int'l Energy Ventures Mgmt.,* 818 F.3d at 210 (vacating district court's

---

incident. ECF No. 1-2 at ¶ X. There is no well-pleaded factual allegation that Sarow intentionally destroyed the "Customer Incident Report" or any other evidence.
[32] ECF No. 9.
[33] ECF No. 10; ECF No. 22.

order granting a nondiverse, improperly joined defendant's Rule 12(b)(6) motion to dismiss claims against him with prejudice and instructing that the Rule 12(b)(6) motion "should have been denied as moot" because "the only ground for dismissing any improperly joined, nondiverse party is lack of subject[-]matter jurisdiction").

New Orleans, Louisiana, this 17th day of June, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE